UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GALE A. RACHUY, | Misc. No. 08-68 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARK S. RUBIN, ST. LOUIS COUNTY, LAURA S. ROSENTHAL, RAMSEY COUNTY, JESSICA SCHULTE WILLIAMS, ALAN I. SILVER, and BASSFORD REMELE, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, a state prison inmate, commenced this action by filing a self-styled pleading entitled "Petition to Depose Before Suit and Pending Appeal." (Docket No. 1.) The Clerk of Court correctly opened the case as a Miscellaneous File, for which a $39.00 filing fee is required. Plaintiff did not tender the $39.00 filing fee with his pleading, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, he was required to tender an initial partial filing fee with his IFP application. 28 U.S.C. § 1915(b)(1). Under the formula prescribed by §

1915(b)(1), Plaintiff's initial partial filing fee would have actually exceeded the full $39.00 fee for this action.  Therefore, Plaintiff was ordered to pay the full $39.00 filing fee as his initial partial filing fee.  (<u>See</u> Order dated January 7, 2009; [Docket No. 4].)  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed fee within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that this case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay the prescribed fee for this matter has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.  Therefore, in accordance with the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  <u>See</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February   2  , 2009

                                       s/ *Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 20, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.